IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| Simeon Boyd, | ) | Case No.: 0:26-cv-01966-JD-PJG |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| Director Hill-Finklea Detention Center, | ) | |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

This matter is before the Court for review of the Order and Report and Recommendation (the "Report") of United States Magistrate Judge Paige J. Gossett, issued under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). (DE 6.) The Report recommends dismissing this 28 U.S.C. § 2241 petition without prejudice and without requiring Respondent to file a return.[1] The time for filing objections has expired, and no objections have been filed.

## A.    Background

Petitioner is a state pretrial detainee facing pending charges in Dorchester County for murder, attempted murder, and associated weapons offenses. He alleges that the state court's denial of an omnibus motion seeking, among other relief,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

acquittal for lack of probable cause or release on bail violated the Eighth Amendment, due process, and his asserted right to bail. He asks this Court to order a new bond hearing and to set reasonable bail. Petitioner also invokes 18 U.S.C. § 3142.

The Magistrate Judge granted Petitioner leave to proceed *in forma pauperis* and recommended summary dismissal. The Report concluded that the relief Petitioner seeks would interfere with ongoing state criminal proceedings and that no extraordinary circumstance justified federal intervention. The Report was mailed to Petitioner at the Hill-Finklea Detention Center. The docket reflects no returned mail, and Petitioner filed no objections.

## B.    Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before

accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## C.     Discussion

As the Report ably notes, because Petitioner is detained before trial rather than pursuant to a state court judgment, the Petition is properly considered under 28 U.S.C. § 2241. *See In re Wright*, 826 F.3d 774, 782–83 (4th Cir. 2016). Federal habeas relief generally is unavailable to interrupt a pending state prosecution where the petitioner may present his federal claims in the state proceedings. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–93 (1973).

As referenced in the Report, the abstention doctrine recognized in *Younger v. Harris*, 401 U.S. 37 (1971), applies most directly to ongoing state criminal prosecutions. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013). After determining that a case falls within a category governed by *Younger*, a court considers whether the state proceedings implicate important state interests, provide an adequate opportunity to raise federal claims, and present any bad faith, harassment, or other extraordinary circumstance warranting federal intervention. *See Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432, 435–37 (1982).

This case falls within the core category governed by *Younger*. Petitioner asks this Court to order a new bond hearing, set bail, and intervene in rulings made during ongoing state criminal prosecutions. Such relief would directly intrude upon the State's administration of those proceedings. The State has an important interest in

enforcing its criminal laws and administering its pretrial and bond procedures without federal interference. Petitioner may present his federal constitutional arguments in the state courts, and nothing in the record shows that the state forum is unavailable or inadequate.

Nor has Petitioner alleged facts demonstrating bad faith, harassment, a patently unconstitutional statute, or another extraordinary circumstance sufficient to overcome the rule of noninterference. His disagreement with the state court's probable cause and bond rulings, without more, does not justify immediate federal intervention. The Court, therefore, concludes that dismissal without prejudice is warranted under *Younger*.

The record also does not demonstrate that Petitioner exhausted the available state procedures for fairly presenting his federal challenges to his detention and bond. Federal habeas courts ordinarily should refrain from acting until the State has received a fair opportunity, through an available and appropriate procedure, to address the asserted federal claim. *See Durkin v. Davis*, 538 F.2d 1037, 1041–42 (4th Cir. 1976). This provides an additional reason to dismiss the Petition without prejudice.

Finally, 18 U.S.C. § 3142 does not provide Petitioner a basis for relief. Section 3142 is part of the federal Bail Reform Act and governs release or detention in federal criminal proceedings. It does not control bail determinations in South Carolina criminal prosecutions.

The Court adopts the Report's recommended disposition but does not adopt its characterization that the Petition fails to state a claim on the merits. Except for Petitioner's reliance on § 3142, the Court does not decide the ultimate merits of his constitutional theories. The Petition is dismissed because federal intervention is premature and inappropriate while the state proceedings and available state remedies remain ongoing

## D.    Certificate of appealability

The governing law provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken" from a final order in a habeas proceeding in which the detention arises from state-court process. 28 U.S.C. § 2253(c)(1)(A). When relief is denied on procedural grounds, a certificate should issue only if the petitioner shows both that reasonable jurists would find the procedural ruling debatable and that the Petition states a debatable claim of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not made that showing. The Court, therefore, denies a certificate of appealability.

## E.    Conclusion

Accordingly, the Court ADOPTS the Report's recommended disposition, as supplemented and modified by this Order. The Petition is DISMISSED WITHOUT PREJUDICE under *Younger v. Harris* and for failure to demonstrate exhaustion of available state remedies, and without requiring Respondent to file a return. To the extent Petitioner seeks relief under 18 U.S.C. § 3142, that claim is denied because

the statute does not govern state court bond proceedings. A certificate of appealability is DENIED. The Clerk is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 7, 2026

## NOTICE OF RIGHT TO APPEAL

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).